IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KIMBERLY WALLER-JOHNSON                                    PLAINTIFF

v.                              No. 4:24-cv-580-DPM

ST. VINCENT INFIRMARY
MEDICAL CENTER                                            DEFENDANT

## ORDER

Kimberly Waller-Johnson, a black woman, worked as a nurse at CHI St. Vincent's North Little Rock heart clinic for almost twelve years—first as a registered nurse, and then as a nurse practitioner. She worked in the office of Dr. Marcus Ashford, a cardiologist at St. Vincent. In December 2022, she asked Dr. Ashford if she could screen applicants for Social Security disability benefits. Dr. Ashford said yes. He also said Waller-Johnson could do the screenings at the clinic. These applicants weren't being screened as St. Vincent patients—she was to be paid directly for this work. After about a month, St. Vincent administrators learned about the screenings. The clinic fired her. Waller-Johnson filed an EEOC charge, which was dismissed in July 2023. She has sued, alleging that she was treated differently than her white and male colleagues. She brings Title VII and § 1981 employment discrimination claims based on her race and sex. St. Vincent moves for summary judgment. When any material fact is

genuinely disputed, the Court considers that fact in Waller-Johnson's favor. *Van Dorn v. Hunter*, 919 F.3d 541, 544 (8th Cir. 2019).

\*

Because there's no direct evidence of race or sex discrimination, the Court applies the *McDonnel Douglas* burden-shifting framework. *Young v. Builders Steel Co.*, 754 F.3d 573, 577 (8th Cir. 2014). The Court assumes Waller-Johnson has made a *prima facie* case. *Lake v. Yellow Transportation, Inc.*, 596 F.3d 871, 874 (8th Cir. 2010). The dispute therefore comes down to pretext. Has Waller-Johnson presented sufficient evidence to create a jury question on whether St. Vincent's stated reason for firing her was merely a pretext for discrimination? *Torgerson v. City of Rochester*, 643 F.3d 1031, 1046 (8th Cir. 2011).

She hasn't. Waller-Johnson highlights several incidents that she says shows race discrimination on the job.

- After she was disciplined for calling in sick, other white nurses told her that they hadn't been disciplined for similar conduct. *Doc. 27-1 at 7.*

- A doctor at the clinic posted a pro-Trump sign on his door and, when she complained, a human resources employee told her she worked in a racist office and should consider getting another job. *Doc. 27 at 14.*

- A white nurse used a racist expression and wasn't fired. *Doc. 27-1 at 7.*

–2–

- The same white nurse yelled at her at the clinic; but they were both disciplined. *Doc. 27-1 at 12-14.*

All these incidents, though, occurred between 2015 and 2017. And none involved the ultimate decision makers in her 2023 firing. They don't support a finding of pretext. *Arraleh v. County of Ramsey*, 461 F.3d 967, 975 (8th Cir. 2006); *Simmons v. Oce-USA, Inc.*, 174 F.3d 913, 916 (8th Cir. 1999).

Waller-Johnson also identifies two potential comparators. The test at the pretext stage is rigorous. She must point to another St. Vincent employee who dealt with the same supervisor, who was subject to the same standards, and engaged in the same alleged conduct (without any mitigating or distinguishing characteristics.) *Johnson v. Securitas Security Services*, 769 F.3d 605, 613 (8th Cir. 2014).

Dr. Tena Murphy doesn't qualify. She's a white woman and a cardiologist at St. Vincent's heart clinic on Kanis. She did screen Social Security applicants. But, she screened those patients according to an arrangement set up by St. Vincent. *Doc. 18-3 at 2-3.* Plus, Dr. Murphy reported to a different supervisor. *Doc. 18-3 at 2.*

Dr. Ashford doesn't qualify, either. He, a black man, told Waller-Johnson she could screen applicants at the clinic. He wasn't fired. Dr. Ashford's approval was wrongly given. But his mistake wasn't the same conduct for which Waller-Johnson was fired. And Dr. Ashford didn't report to Waller-Johnson's supervisor. *Doc. 18-2 at 1-2.*

Though he was treated more leniently in the circumstances, that's insufficient as a matter of law to create an issue for trial.

*

St. Vincent is entitled to summary judgment on Waller-Johnson's disparate treatment claims. *Torgerson*, 643 F.3d at 1042. Motion, *Doc. 18*, granted. Motions, *Doc. 29, 31, 33, & 35*, denied as moot.

So Ordered.

_____

D.P. Marshall Jr.
United States District Judge

16 April 2026